IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ALEKSANDRA KRNINOVA,**

      **Plaintiff,**

  vs.                                     Civil Action 2:09-CV-577
                                                Magistrate Judge King

**ERIC HOLDER,** *et al.,*

      **Defendants.**

## OPINION AND ORDER

Plaintiff in this action seeks declaratory, injunctive, habeas and mandamus relief in connection with an administrative order of deportation pursuant to §252(b) of the Immigration and Nationality Act ["INA"]. Plaintiff takes the position that her removal can be effectuated only by placing her in removal proceedings under §240 of the INA. *Complaint,* pp. 1-2, Doc. No. 2. Plaintiff invokes this Court's jurisdiction under 28 U.S.C. §§1331, 1361, 2201, 2241 and 5 U.S.C. §701 *et seq. Id.,* p.2. With the consent of the parties, *see* 28 U.S.C. §636(c), this matter is now before the Court on defendants' motion to dismiss for lack of jurisdiction or for failure to state a claim upon which relief can be granted, Doc. No. 4 ["*Defendants' Motion to Dismiss*"], and on plaintiff's motion for summary judgment, Doc. No. 20 ["*Plaintiff's Motion for Summary Judgment*"]. Plaintiff's motion for an extension of time in which to file a motion for summary judgment, Doc. No. 19, is **GRANTED.**

Plaintiff, a native and citizen of Macedonia, *Complaint,* ¶11, was issued visas in 2000 by the United States Embassy in Skopje, Macedonia. *Id,* ¶13; *Exhibits A, B*, attached to *Complaint*. In 2002,

plaintiff married Damjan Gruev, a fellow native and citizen of Macedonia who entered the United States as an alien crewman. *See Gruev v. Holder,* 2:09-CV-579, *Order,* p.1, Doc. No. 17 (S.D. Ohio March 1, 2010).[1] On April 29, 2009, Immigration and Customs Enforcement issued a notice of intent to deport plaintiff for violating terms of admission, pursuant to §252(a)2 of the INA. *Exhibit D*, attached to the *Complaint*. An order of deportation was issued to plaintiff on that same date. *Exhibit E*, attached to *Complaint*. Plaintiff challenges these administrative actions, taking the position that she is entitled to a removal hearing before an immigration judge. *Complaint*, ¶38.[2] Plaintiff specifically contends that an administrative removal order under §252 of the INA is improper because, *inter alia,* she was not admitted to the United States on a D Visa.

In the *Defendants' Motion to Dismiss,* defendants take the position that the Court lacks jurisdiction over the claims asserted in this action, and that the complaint fails to state a claim upon which relief may be granted, because the REAL ID Act divests this Court of jurisdiction to review orders of removal. Rather, defendants argue, jurisdiction to consider any order of removal is vested exclusively in the appropriate court of appeals. This Court agrees.

The REAL ID Act, 8 U.S.C. §1252, confers on the court of appeals the exclusive jurisdiction to review a removal order issued to any alien:

---

[1] Mr. Gruev's challenge to an order of deportation issued to him has been rejected by this Court. *Gruev v. Holder,* 2:09-CV-579, *Judgment*, Doc. No. 18, (S.D. Ohio March 3, 2010).

[2] The *Complaint* also alleges that plaintiff had been impermissibly placed under an order of supervision. *Complaint,* ¶38. In *Plaintiff's Motion for Summary Judgment*, plaintiff withdraws that allegation and acknowledges that "she is not technically under an order of supervision at this time." *Plaintiff's Motion for Summary Judgment,* p.4 n.1, Doc. No. 20.

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter*, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. §1252(a)(5) (emphasis added). The REAL ID Act also expressly divests district courts of jurisdiction over any challenge to a removal order:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. §1252(b)(9).

In this case, plaintiff unquestionably challenges the removal order issued to her. Whether or not her challenge is meritorious can be determined only in the court of appeals; this Court lacks jurisdiction to entertain plaintiff's claims.

*Defendants' Motion to Dismiss,* Doc. No. 4, is therefore **GRANTED**; *Plaintiff's Motion for Summary Judgment,* Doc. No. 20, is **DENIED.**

3

The Clerk shall **ENTER FINAL JUDGMENT** dismissing this action for lack of subject matter jurisdiction.


March 22, 2010                                      *s/Norah McCann King*
                                                    Norah M<sup>c</sup>Cann King
                                            United States Magistrate Judge